IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Muttaqin Fatir Abdullah, ) | |
| ) | Civil Action No. 3:16-cv-01276-JFA-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Ernest A. Finney, III; James Turner ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff is a pre-trial detainee at the Sumter Lee County Detention Center. The plaintiff brings this § 1983 action alleging that his First, Eighth, and Fourteenth Amendment rights have been violated; that he has been subject to manipulation, harassment, and unlawful incarceration; and that the defendants lack sufficient evidence to indict him (doc. 1 at 4). He contends that he was first charged with murder, assault and battery with intent to kill, and other related weapons charges in 2004 (*id.* at 6). The plaintiff states that he was held at the Sumter Lee County Detention Center for 10 months without being indicted (*id.*). He asserts that he was indicted by a federal grand jury in 2005, and, on October 19, 2005, he was convicted on federal charges and sentenced to life imprisonment (*id.* at 6–7). It appears that the plaintiff was released from federal custody pending review of his second § 2255 petition in light of the Supreme Court's ruling in *Johnson v. U.S.*, 135 S.Ct. 2551 (2015). *USA v. Abdullah*, 3:05-cr-00014-MBS (D.S.C) (docs. 201, 203). The plaintiff was released into the custody of Sumter County. *Id*. (doc.

199). The plaintiff alleges that after the hearing setting his release from federal custody, he was arrested by Detective James Turner, of Sumter County Sheriff's Office, pursuant to warrants and on the order of Ernest A. Finney, III, the Solicitor for Sumter County (doc. 1 at 7). The plaintiff contends that he has been held for 12 years without an indictment (*id.* at 8). The plaintiff seeks $30 million in damages (*id*. at 6).

## **DISCUSSION**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Finney**

The plaintiff's claims against Finney are subject to dismissal because the plaintiff seeks monetary relief from a defendant who is immune from such relief. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. The Supreme Court has held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v.*

*Pachtman*, 424 U.S. 409, 430 (1976). Here, Finney's alleged wrongful conduct concerning the fact that the plaintiff has not been indicted is intricately related to the judicial process and to the prosecution of the State's case against the plaintiff. Therefore, Finney has absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

**Turner**

The plaintiff has failed to state a claim against Turner in his individual capacity. Section 1983 actions premised on alleged unlawful seizure, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g., Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). An arrest made pursuant to a facially-valid warrant will not support a claim for false arrest/imprisonment under the Fourth Amendment. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (holding that "a claim for false arrest may be considered only when no arrest warrant has been obtained").

Here, the plaintiff alleges that Turner is a detective for the Sumter County Sheriff's Office, that he was the officer who arrested the plaintiff, and that the plaintiff was served with arrest warrants at the time of his arrest (doc. 1 at 2–3, 5, 7). The plaintiff also attaches the arrest warrants to his complaint and does not appear to attack the validity of the warrants (doc. 1-1 at 1–4). Thus, even liberally construing the plaintiff's allegations, he has failed to state a claim against Turner in his individual capacity.

With respect to the plaintiff's allegations against Turner in his official capacity, Turner is entitled to immunity under the Eleventh Amendment from the plaintiff's claim for monetary damages. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per

curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. *Id*. "[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county employees." *Edwards v. Lexington Cty. Sheriff's Dep't*, 386 S.C. 285, n. 1 (S.C. 2010). As a result, the plaintiff's claim for monetary damages against Turner in his official capacity under § 1983, is subject to summary dismissal because Turner is entitled to immunity pursuant to the Eleventh Amendment.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice*. The plaintiff's attention is directed to the important notice on the next page.

                                                            s /Kevin F. McDonald
                                                            United States Magistrate Judge

May 20, 2016
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).