IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Muttaqin Fatir Abdullah,<br><br>Plaintiff,<br><br>v.<br><br>Ernest A. Finney, III, and James Turner,<br><br><br>Defendants. | C/A No. 3:16-01276-JFA<br><br><br><br>**ORDER** |

### I.     INTRODUCTION

Plaintiff Muttaqin Fatir Abdullah ("Abdullah"), proceeding pro se and *in forma pauperis*, brings this action against Defendant Ernest A. Finney, III, ("Finney"), in his individual and official capacity, and Defendant James Turner ("Turner") in his individual and official capacity, (collectively "Defendants") pursuant to 42 U.S.C. § 1983.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

Abdullah is a pre-trial detainee at the Sumter-Lee Regional Detention Center. (ECF No. 1, p. 2). On April 21, 2016, Abdullah filed this action alleging Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution; manipulated, harassed, and unlawfully incarcerated him; and lack sufficient evidence to indict him.[1] (ECF No. 1). In addition, Abdullah moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915,

---

[1] "Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016).

1

(ECF No. 2), which was granted on May 20, 2016, by Magistrate Judge Kevin McDonald, (ECF No. 7).

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this Court summarily dismiss this action without prejudice. (ECF No. 9). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.[3] In addition, the Court takes judicial notice that, according to the Sumter County Third Judicial Circuit Public Index, Abdullah was indicted on May 21, 2016, on all four warrants mentioned in his complaint, (ECF No. 1), and provided via attachment, (ECF No. 1-1).[4] *See* Fed. R. Evid. 201.

Abdullah was advised of his right to object to the Report, which was entered on the docket on May 20, 2016. (ECF No. 9). The Magistrate Judge gave Abdullah until June 6, 2016, to file objections. (*Id.*). On May 31, 2016, Abdullah filed his objections to the Report. (ECF No. 11). Thus, this matter is ripe for the Court's review.

### III.   DISCUSSION

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[3] The Court does depart from the Report regarding the statement that "a claim for false arrest may be considered only when no arrest warrant has been obtained" due to the Fourth Circuit's recent ruling in *Graham v. Gagnon*, No. 15-152, ___ F.3d ___, 2016 WL 4011156, at *4 (4th Cir. July 27, 2016) (clarifying "an arresting officer is not automatically immunized from suit merely because the officer successfully requested an arrest warrant first" in evaluating a woman's claim, pursuant to 42 U.S.C. § 1983, that officers violated her Fourth Amendment rights by arresting her without probable cause).

[4] Available via http://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx.

with instructions. *See* 28 U.S.C. § 636(b)(1).  In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Abdullah attempts to make two objections to the Report. However, only one objection can be construed to constitute a specific objection to the Report, and it is without merit.[5] Abdullah asserts that the defense of qualified immunity does not always prevail in cases against state and government officials. (ECF No. 11 at 2). In support, Abdullah cites to *Abdullah v. Seba*, 2016 WL 3916007 (3d Cir. July 20, 2016) (regarding a *Bivens* action wherein the Court ruled that, even if a viable claim had been presented, the defendants were protected by qualified immunity).[6]

While it is true that qualified immunity does not always apply to protect a particular individual,[7] the Magistrate Judge has recommended dismissal of this action without prejudice based upon other grounds. Therefore, an analysis regarding the applicability of qualified immunity in this case is not warranted.

In this case, Finney is protected by absolute immunity in his individual capacity because the alleged wrongful conduct—Finney's failure to indict Abdullah—is specifically regarding an act "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*,

---

[5] Abdullah's second objection is regarding the alleged nonexistence of ballistics in the criminal state case (ECF No. 11, p. 3); however, Abdullah's complaint fails because his chosen defendants are protected either by absolute immunity or the Eleventh Amendment to the United States Constitution or he has failed to state a claim.  Therefore, this objection to the Report is irrelevant and does not change the result.

[6] In addition, Abdullah cites to "*Hendrixson v. Cooper*," presumptively intended to be *Hendrickson v. Cooper*, 589 F.3d 887 (7th Cir. 2009) (affirming a jury verdict in favor of a prisoner against an officer using excessive force in a jail), and a pending case regarding a police officer shooting and killing a teenager in Chicago, Illinois.

[7] "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

3

424 U.S. 409, 430–31 n. 33 (1976).[8] Thus, Abdullah's objection as to qualified immunity is inapplicable, and Finney is immune from civil suit for damages under 42 U.S.C. § 1983 due to absolute immunity in his individual capacity.

With regard to the allegations against Finney in his official capacity, Finney is considered to be a State officer and, therefore, he is unable to be sued in his official capacity for money damages under 42 U.S.C. § 1983 due to the Eleventh Amendment to the United States Constitution. *See Williams v. Condon*, 553 S.E.2d 496, 508 (S.C. Ct. App. 2001) (holding claims for money damages raised against the State attorney general and circuit solicitor in their official capacities were not permissible under Section 1983 because they were State officials); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) (holding "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Therefore, it is proper that this action against Finney be summarily dismissed because Abdullah seeks monetary relief and Finney is immune from such relief in his individual and official capacities. *See* 28 U.S.C. § 1915.

In addition, Abdullah has failed to state a claim against Turner in his individual capacity, and Turner is protected by the Eleventh Amendment to the United States Constitution in his official capacity.

With regard to the false arrest or false imprisonment,[9] Abdullah alleges Turner is a detective for the Sumter County Sheriff's Office, Turner arrested Abdullah, and Turner served Abdullah with warrants. (ECF No. 1, p. 7). The Fourth Circuit has recently clarified that "a warrant

---

[8] Abdullah also alleges he was informed by Turner that Finney had ordered Abdullah to be arrested, (ECF No. 1, p. 7); however, the arrest warrants provided by Abdullah show Turner submitted affidavits for the warrants, which were signed by the Honorable Lee Anna Tindal and directed his arrest. (ECF No. 1-1, pp. 1–4).
[9] The Report couches Abdullah's claims as alleging seizure of his person in violation of the Fourth Amendment to the United States Constitution. (ECF No. 9, p. 3).

will not preclude a civil suit when 'it is obvious that no reasonably competent officer would have concluded that a warrant should issue.'" *Graham v. Gagnon*, No. 15-1521, ___ F.3d ___ 2016 WL 4011156, at *4 (4th Cir. July 27, 2016) (quoting *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012)).  However, Abdullah does not attack the facial validity of the warrants or the arrest. At most, Abdullah's complaint can be construed to state that he was arrested twice for the same charges.[10] (ECF No. 1, p. 10).  Abdullah's lack of contest results in a failure to state a claim against Turner in his individual capacity.  Therefore, Abdullah's objection regarding qualified immunity is inapplicable to Turner as well.

With regard to the allegations against Turner in his official capacity, Turner is considered to be a State officer and, therefore, he is unable to be sued in his official capacity for money damages under 42 U.S.C. § 1983 due to the Eleventh Amendment to the United States Constitution. *See Edwards v. Lexington County Sheriff's Dep't.*, 688 S.E.2d 125 (S.C. 2010) (stating, "under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees"); *see also Will*, 491 U.S. at 71.

Therefore, it is proper that this action against Turner be summarily dismissed because Abdullah has failed to state a claim against Turner in his individual capacity. In addition, Abdullah seeks monetary relief and Turner is immune from such relief in his official capacity. *See* 28 U.S.C. § 1915.[11]

Finally, by way of motion, Abdullah claims this case should not be dismissed because a double jeopardy issue is present. (ECF No. 15).  However, the United States Supreme Court has

---

[10] However, a double jeopardy issue under the Fifth Amendment to the United States Constitution does not arise as discussed *infra*.

[11] Abdullah acknowledged this action would be rendered moot if he were to be indicted. (ECF No. 11, pp. 1–2).  Despite Abdullah's subsequent indictment on May 21, 2016, Abdullah requests this Court wait upon his motion to quash. (ECF No. 14).  However, this action is to be dismissed based upon other grounds.

stated "successive state and federal prosecutions are not in violation of the Fifth Amendment." *Bartkus v. People of State of Ill.*, 359 U.S. 121, 132 (1959).  Abdullah fails to observe that a separate sovereign—the State of South Carolina—is prosecuting him on the warrants, not the Federal Government. In addition, Abdullah was previously charged and convicted under federal statutes—18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1)—whereas the current warrants allege violations of state statutes—S.C. Code Ann. §§ 16-23-0490, 16-03-0010, 16-03-0620, 16-23-0030. (ECF No. 1, pp. 6–7; ECF No. 1-1, pp. 1–4).  Lastly, Abdullah presents no facts to support this case permits the "conclusion that the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution." *Bartkus*, 359 U.S. at 124. Therefore, a double jeopardy issue is not present in this case.[12]

### IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation, (ECF No. 9).  Abdullah's complaint is summarily dismissed without prejudice.

IT IS SO ORDERED.

September 13, 2016                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                                   United States District Judge

---

[12]  In his motion, Abdullah requests that this Court "allow the U.S. Marshalls to serve the defendants" and "mandate the defendants to immediately release the Plaintiff from Sumter Lee Regional Detention Center." (ECF No. 15).  However, this case is to be dismissed as discussed *supra*, and, therefore, this motion is moot.